481 P.2d 872

**HAMILTON MINES CORP., a Nevada corporation, David E. Halford and Judy M. Halford, husband and wife, Appellants,**

v.

**Michael L. PRICE, Appellee.**

**No. I CA–CIV 1291.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 11, 1971.

Rehearing Denied April 12, 1971.

---

Hughes, Hughes & Conlan, by Coit I. Hughes, Phoenix, for appellants.

Erik O'Dowd and S. Leonard Scheff, Tucson, for appellee.

STEVENS, Presiding Judge.

This appeal relates to orders entered by the trial court in relation to the defaults and separate judgments which the plaintiff Michael L. Price secured against each of the defendants, the appellants herein. The defendants in the Superior Court were Hamilton Mines Corp., David Halford and Judy Halford, his wife. The aforesaid defendants are the present appellants. The judgments were filed in the office of the Clerk of the Superior Court, the judgment against Hamilton Mines having been filed on 27 March 1969 and the two separate judgments against the Halfords having been filed on 1 April 1969.

## HAMILTON MINES

On 1 April Hamilton Mines, through counsel other than present counsel, filed its motion to set aside the default. The motion was argued and denied on 21 April. The minute entry order which denied the motion recites that the trial court found excusable neglect and found an absence of a pleading of a meritorious defense. This order was an appealable order, A.R.S. § 12–2101, subsec. C. It was not appealable in form. Rules 54(a) and 58(a), Rules of Civil Procedure, 16 A.R.S. While the appeal was pending in this Court an order was entered suspending the appeal to allow the trial court to reduce the 21 April 1969 order to a formal written order. This action was taken by this Court under the authority of Eaton Fruit Company v. California Spray-Chemical Corporation, 102 Ariz. 129, 426 P.2d 397 (1967). The appropriate written order was signed and it was filed on 17 February 1971. The suspension of the appeal has been terminated.

In August 1969 the present counsel were employed by Hamilton Mines but not as of that time by the other defendants. Present counsel filed a "motion to reconsider" on behalf of Hamilton Mines. While motions so entitled do not appear in the Rules of Civil Procedure, they are frequently entertained by trial courts. This motion was

denied by a minute entry order entered on 23 September and by a formal written order signed and filed on 22 October 1969. The notice of appeal was filed the next day. In view of the fact that the 22 October 1969 written order did not convert the 21 April 1969 minute entry order into an order appealable in form, the aforesaid procedure of suspending the appeal was utilized.

 The crucial question before this Court is whether Hamilton Mines set forth a meritorious defense or set forth matters within Rule 60(c) (5) and (6), Rules of Civil Procedure. Our review of the record does not disclose to us an abuse of discretion on the part of the trial court.

### THE HALFORDS

 The record appears to present a clear picture that the Halfords must have known soon after 1 April that judgments had been entered against them. Yet, there were no pleadings filed on their behalf until present counsel were "substituted" for their former counsel in late September 1969. With the substitution and promptly thereafter, a "motion to reconsider and set aside default" was filed on behalf of the Halfords. We find an absence of a showing of excusable neglect. This motion was denied by a minute entry order and the denial was included within the aforesaid written order of 22 October 1969. While we express no opinion as to the technical aspects of the procedural processes utilized on behalf of the Halfords, we find no error as to them.

The trial court is affirmed.

CONCURRING:

DONOFRIO, J., and ROGER G. STRAND, Superior Court Judge, concur.

NOTE: The Honorable JAMES DUKE CAMERON was a member of Department A of Division One of this Court at the time of the argument of this appeal. He requested that he be relieved from the consideration of this matter and The Honorable ROGER G. STRAND, a Judge of the Superior Court, was called to sit in his stead.