488 P.2d 471

**A. D. R. DEVELOPMENT COMPANY, an Arizona corporation et al., Appellants and Cross-Appellees,**

v.

**GREATER ARIZONA SAVINGS AND LOAN ASSOCIATION, an Arizona corporation, Appellee and Cross-Appellant.**

**No. I CA–CIV 1619.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 16, 1971.

DePrima, Aranda, de Leon & Lincoln by Kenneth J. Lincoln, Phoenix, for appellants and cross-appellees.

Gust, Rosenfeld & Divelbess by Richard H. Whitney, Phoenix, for appellee and cross-appellant.

EUBANK, Judge.

This appeal involves the interpretation of the provisions of a written agreement for the sale of real property, wherein the buyer, plaintiff-appellant, A.D.R. Development Co., an Arizona corporation, hereafter "Buyer", and the seller, defendant-appellee and cross-appellant, Greater Arizona Savings and Loan Association, an Arizona corporation, hereafter "Seller", agreed to buy and sell real property and improvements located at 8623 North Central Avenue, in the city of Phoenix, for $25,782.72. It was agreed that the principal and interest were to be paid by monthly installments of $202.02 beginning on February

1, 1969, and on the first day of each month thereafter with interest on the unpaid principal at 7.2% per annum from January 1, 1969, until the rights of redemption in case number C–179688 filed in the Maricopa County Superior Court expired, at which time, " * * * this Agreement For Sale will be converted and Seller agrees to give a Deed to Buyer subject to Note and Mortgage and Buyer agrees to give, and Seller agrees to accept, a Promissory Note and Mortgage incorporating the payment terms as set forth herein * * *."

A disagreement between the parties over the amount of the monthly payments occurred at the outset. The buyer believed that it was to pay $202.02 on the first day of each month, and according to the findings of the trial court they tendered this sum to the seller on three different occasions. The seller refused to accept the buyer's tender contending that the monthly sum due was $550 on February 1 and March 1, 1969. This sum was later reduced to $307 per month by the Notice of Election and Declaration of Forfeiture dated March 26, 1969. The difference between the buyer's tender and the amount contended to be due by seller represents impounds for taxes and insurance. It is not disputed that no money was paid seller by buyer. Following receipt of the forfeiture notice the buyer brought its action against the seller for specific performance or for damages resulting from seller's breach of the agreement. The seller answered the complaint admitting the agreement, denying the alleged grounds for specific performance and affirmatively alleged that it had properly forfeited buyer's interests under the terms of the agreement. Seller at the same time filed a counterclaim against buyer in part alleging the agreement, its breach by the buyer and continued damage to seller by buyer's continued possession of the real property after forfeiture. This was denied by the buyer.

The issues were tried to the court sitting without a jury. On October 22, 1970, the trial court entered judgment dismissing the buyer's complaint and awarding the seller judgment against buyer on the counterclaim,

" * * * forfeiting all of plaintiff A.D.R. Development Company's [Buyer] right, title and interest in and to the Agreement for Sale and the subject real property * * *, and that defendant [Seller] have judgment against plaintiff A.D.R. Development Company for defendant's costs incurred herein, together with attorneys' fees in the amount of $616.00: * * *."

The judgment, in addition, granted seller's pending motion for summary judgment dismissing A. J. Evans and Mary R. Evans as parties to the action. No appeal was taken by them, however, both buyer and seller appeal from this judgment.

■ The buyer raises three questions on appeal that question the sufficiency of the evidence as the basis for the trial court's judgment. In their Designation of Record they designate, "The Court Reporter's transcript of the testimony." However, the transcript was not made a part of the record and has never been received by this Court and is not now before us. Present counsel for the buyer was later substituted. Needless to say we are precluded from reviewing the insufficiency of evidence where the record does not include a transcript of the testimony at the trial. Visco v. Universal Refuse Removal Co., 11 Ariz.App. 73, 462 P.2d 90 (1969); Frazier v. O. S. Stapley Co., 9 Ariz.App. 514, 454 P.2d 184 (1969); Riley v. Jones, 6 Ariz.App. 120, 430 P.2d 699 (1967). In such a circumstance we must assume that the evidence supports the trial judge's determinations. Frazier, supra.

Seller's cross-appeal raises one question: "Is the Agreement for Sale dated December 27, 1968 on its face unclear and ambiguous with respect to the manner in which Appellants [Buyers] were to pay taxes, assessments and insurance premiums?"

■ This question and seller's supporting argument does not dispute or attack the validity of the trial court's judgment. It

merely contends that *one* of the bases of the judgment was wrong. Since there were other sufficient bases for the trial court's ruling and since the issue raised would not require a reversal of the judgment, we deem it unnecessary to discuss this question.

The judgment of the trial court is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.