601 P.2d 615

**APACHE EAST, INC., an Arizona Corporation, Terry Van Grundy and Jane Doe Van Grundy, his wife, Appellants,**

v.

**Ken Charles MEANS and Sally Means, his wife, Appellees.**

**No. 1 CA–CIV 4179.**

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 7, 1979.

As Amended Nov. 9, 1979.

**12**

Michael E. St. George, Tempe, for appellants.

Levy, Mason, Spector & Sherwood, P. A. by Andrew G. Klein and Albert B. Spector, Jr., Phoenix, for appellees.

## OPINION

JACOBSON, Acting Presiding Judge.

This appeal raises the issue of what constitutes a judgment under Rules 54(a) and 58(a), Arizona Rules of Civil Procedure.

To understand how this issue arises, it is necessary to review the posture upon which this appeal reaches us. On November 17, 1976, the plaintiffs-appellees Ken and Sally Means, obtained a default judgment against the defendants Apache East, Incorporated and Terry Van Grundy in the sum of $309.75 as compensatory damages and $2,950 as punitive damages. Pursuant to that judgment, a general execution was issued and the sheriff seized a truck belonging to Apache East.

Apache East then moved to stay the execution and the court, upon the defendants filing a $3,500 cash bond with the Clerk of

the Court on July 14, 1977, stayed execution upon the following condition:

"that the cash bond is conditioned for the satisfaction of the judgment in full together with the cost[s], interest and damages for delay if the defendant's proposed Motion to Set Aside Default Judgment is denied."

On July 25, 1977, pursuant to Rule 60(c), Arizona Rules of Civil Procedure, Apache East filed its motion to set aside the default judgment entered on November 17, 1976.

On September 1, 1977, by a minute entry, the trial court denied Apache East's motion to set aside the default judgment. On September 16, 1977, the plaintiffs filed a "Motion to Satisfy Judgment and Assess Damages for Delay." By this motion, the plaintiffs sought to obtain an order that the Clerk pay out of the cash bond deposited by Apache East, the original amount of their judgment, including interest and costs, together with the sum of $421.65 for "damages for delay." These damages consisted of legal fees incurred by the plaintiffs in resisting Apache East's motion to set aside the November 17, 1976, default judgment. Although on its face, plaintiffs' motion indicated it was mailed to Apache East's attorney, no response to the motion was ever filed.

On October 3, 1977, the trial court entered its formal written and signed order which in pertinent part stated:

"The Court entered Judgment in this matter on November 17, 1976. The Court entered an Order on July 14, 1977, providing that the cash bond posted by Defendant was conditioned for the satisfaction of the judgment in full together with the cost, interest and damages for delay if the Defendant's proposed Motion to Set aside Default Judgment was denied,

*"This Court denied the Defendant's Motion to Set aside Default Judgment by Order entered September 1, 1977.*

"THEREFORE IT IS ORDERED that the Clerk of the Court pay from the cash bond posted by the Defendant to the Plaintiffs' attorneys . . . [a sum equal to the default judgment, plus interest to date and costs].

"IT IS FURTHER ORDERED that the Clerk of the Court pay [the sum of $421.65 as damages for delay.]" (Emphasis added.)

On October 25, 1977, defendants filed a motion for rehearing of the trial court's order of October 3, 1977. Prior to the hearing on that motion, on November 30, 1977, defendants filed a notice of appeal from the October 3, 1977, order.

This notice of appeal recited that an appeal was taken "from the order entered by this Court on the 3rd day of October, 1977 in the above entitled Court in this action in favor of plaintiff [sic] and against these defendants." [1]

In its briefs before this court, Apache East attacks the trial court's order of September 1, 1977, denying their Rule 60(c) motion and the propriety of the October 3, 1977, order granting plaintiffs' damages for delay.

We raise sua sponte the issue of whether we have jurisdiction to determine any issues going to the validity of the trial court's denial of defendant's motion to set aside the default judgment.

As previously indicated, the denial of defendant's motion to set aside the November 17, 1976, default judgment was made by a minute entry order dated September 1, 1977. A denial of a motion to set aside a default judgment is an appealable order. *Bateman v. McDonald*, 94 Ariz. 327, 385 P.2d 208 (1963). However, on September 1, 1977, this minute entry order not having been reduced to writing, signed by the judge and filed by the clerk, was not appealable under Rule 58(a), Arizona Rules of Civil Procedure. *See Hamilton Mines Corp. v. Price*, 14 Ariz.App. 186, 481 P.2d 872 (1971). Since the only place in the record where reference to the September 1, 1977 order appears in a written document signed by the judge is in the order of October 3, 1977, the question becomes whether the recital that "this Court denied the Defendant's Motion to Set Aside Default Judgment by Order entered September 1, 1977" contained in the preamble of that order constituted a judgment under Rule 54(a), Arizona Rules of Civil Procedure and was appealable under Rule 58(a), Arizona Rules of Civil Procedure. Rule 54(a) provides in part:

" 'Judgment' as used in these Rules includes a decree and an order from which an appeal lies."

Rule 58(a) provides in part:

"All judgments shall be in writing and signed by a judge . . . duly authorized to do so. The filing with the clerk of the judgment constitutes entry of such judgment, and the judgment is not effective before such entry . . . ."

We use the term "judgment" in this opinion in the sense contemplated by both Rule 54(a) and 58(a), that is, an act of the court which is both substantively appealable and is in appealable form so as to vest jurisdiction in this court to consider its merits. In this sense, a distinction must be drawn between a preliminary determination by the court and a judgment which follows and embodies that determination. *See Winkelman v. General Motors Corp.*, 48 F.Supp. 490 (S.D.N.Y.1942). Here, the court's preliminary determination on the merits of defendant's motion to set aside the default judgment was made manifest by its minute entry order of September 1, 1977, denying that motion. However, whether that determination becomes a "judgment" by being embodied in the preamble of the October 3, 1977, order so as to vest jurisdiction in this court to consider the merits of that ruling, requires further analysis.

First, historically, the reasons why a court reaches a certain conclusion has never been considered a "judgment" of the court.

---

1. On January 24, 1978, Apache East filed an amended notice of appeal, appealing in addition to the October 3, 1977, order, orders dated October 28, 1977, and December 8, 1977. These latter two orders were minute entry orders only and therefore not appealable under Rule 58(a), Arizona Rules of Civil Procedure. The record on appeal is rather confused as to who are the true appellants in this matter. The trial court generally proceeded as though Apache East were the only defendant, and henceforth so shall we.

As is stated in 6A Moore's Federal Practice ¶ 58.02 at 58–55 (2d ed. 1948):

> "An *opinion* is not itself a judgment, even though it contains conclusions of fact or of law, and foreshadows how the judge intends to dispose of the case. An 'opinion' is the embodiment of the court's reasons for a judgment that normally is to follow." (Emphasis in original, footnotes omitted.)

Here the reference to the September 1, 1977 order is in the nature of the reasons recited by the court for its formal pronouncement of "THEREFORE IT IS ORDERED," which follows and directs certain actions and consequences.

More importantly, as noted earlier, the denial of a motion to set aside a default judgment is an appealable order. The spirit of Rule 58(a) is clear:

> "The primary purpose of the amended rule is to formalize by a writing all judgment, decrees and appealable orders, and to fix the crucial act of entry of every judgment, decree or appealable order by reference to the date of its filing . ." (State Bar Committee Notes to Amended Rule 58(a).)

In order to give full effect to this purpose, such judgments should stand out loud and clear so that the practitioner can ascertain their rendition, they should not be hidden away in a preamble to a judgment upon and entirely separate point.[2]

We therefore hold that the trial court's minute entry order of September 1, 1977, denying Apache East's motion to set aside the default judgment has not been reduced to a "judgment" over which this court has jurisdiction of review and thus we do not reach the merits of that denial.

■ The second issue raised by the defendant in its briefs deals with the validity of the October 3, 1977, order awarding the plaintiffs attorneys' fees as damages for delay. On appeal, this order is attacked on the basis that counsel never received a copy of plaintiffs' motion and thus the trial court erred in granting ex parte relief. This is-

sue was raised in the trial court by a motion for rehearing of the October 3, 1977 order. The motion for rehearing was filed on October 25, 1977. The trial court set a hearing on this motion for rehearing for December 8, 1977. On November 30, 1977, and prior to the hearing on this motion, defendants filed a notice of appeal from the October 3, 1977 formal order. This action divested the trial court of jurisdiction to rule on the motion for rehearing. *See Rodriquez v. Williams*, 104 Ariz. 280, 451 P.2d 609 (1969); *Colboch v. Aviation Credit Corp.*, 64 Ariz. 88, 166 P.2d 584 (1946). Thus, the issue raised by the motion for rehearing was by the filing of the notice of appeal removed from the trial court's consideration. As the trial court was divested of jurisdiction before it had a chance to correct any error, we will not consider the substance of the motion for the first time on appeal. *See Collins v. Dilcher*, 104 Ariz. 221, 450 P.2d 679 (1969).

The only issue that could possibly be considered by this court is whether the trial court lacked authority in its October 3, 1977, judgment to award damages for delay. However, the defendants specifically concede such authority existed. As stated in appellant's opening brief:

> "Defendant does not contest the trial court's ability to award 'damages for delay' when it stays the execution of a Judgment previously entered."

Having conceded the correctness of the only action by the trial court which we could conceivably consider, we must affirm. We note that plaintiffs have not requested this court to assess damages for a frivolous appeal.

The judgment of the trial court is affirmed.

OGG, C. J., and WREN, J., concur.

---

**2.** We note that the Federal counterpart of Rule 58(a) on this subject provides in part: "Every judgment shall be set forth on a separate docu-

ment, which tends to avoid the problem created here. *See* Rule 58, Federal Rules of Civil Procedure.