772 P.2d 1160

**Robert E. COPELAND and Gail M. Copeland, husband and wife, Plaintiffs–Appellees,**

v.

**CITY OF YUMA, an Arizona body politic; Roman O. Magdalena, an individual, Defendants–Appellants.**

No. 1 CA–CV 88–266.

Court of Appeals of Arizona, Division 1, Department D.

April 11, 1989.

Bilby & Shoenhair, P.C. by Kenneth L. Allen and Paul A. Relich, Tucson, for plaintiffs-appellees.

Mower, Koeller & Nebeker by Robert N. Clark, Yuma, for defendants-appellants.

## OPINION

FIDEL, Judge.

On March 25, 1988, a jury returned a $40,000 verdict in plaintiffs' favor in a personal injury action against the City of Yuma and one of its employees. On April 13, 1988, defendants filed a motion for judgment notwithstanding the verdict and a motion for new trial. Because the motion was filed beyond the fifteen day time limit of Rule 59, 16 A.R.S. Arizona Rules of Civil Procedure, it was stricken as untimely. On April 25, 1988, defendants filed a timely notice of appeal.

Defendants argue on appeal that they should be granted a new trial (1) because the jury was incorrectly instructed on the subject of contributory negligence, (2) because of improper and prejudicial comments of opposing counsel, and (3) because of improperly restrictive evidentiary rulings by the trial court. We discuss each of these issues and find none of them a basis for reversal.

1. *Jury Instruction on Contributory Negligence:*

 Defendants challenge the trial court's instruction on contributory negligence. Defendants requested Negligence Instruction 5 of the 1987 edition of the Recommended Arizona Jury Instructions (R.A.J.I.), and the court granted the requested instruction as follows:

The defendant claims that the plaintiff was contributorily negligent.

In considering this defense, you must decide:

(1) Was the plaintiff negligent?

(2) If so, was the plaintiff's negligence a cause of the plaintiff's injury?

If your answer to either of the above questions is "no," then the defense of contributory negligence does not apply.

If your answer to both of the above questions is "yes," [then you should decide whether, under all the circumstances of this case, the plaintiff's contributory negligence should reduce the plaintiff's damages. That decision is left to your sole discretion.

If you decide to apply the defense of contributory negligence,][1] you must then do the following:

First, determine the full amount of plaintiff's damages.

Second, determine the relative degrees of fault of each party....

The court will then calculate the reduction of plaintiff's full damages in accordance with your determination of plaintiff's relative degree of fault.

Although the defendants requested this instruction and did not object to any part of it at trial, they now assert that it incorrectly states the law. Defendants base their argument on A.R.S. § 12–2505(A), which provides in part:

The defense of contributory negligence ... is in all cases a question of fact and shall at all times be left to the jury. If the jury applies [contributory negligence] the claimant's action is not barred, but the full damages shall be reduced in proportion to the relative degree of the claimant's fault which is a proximate cause of the injury....

Defendants claim that, pursuant to this statute, the jury has discretion only to determine the existence or non-existence of contributory negligence on the part of the plaintiff. If a jury finds contributory negligence to exist, it has no discretion, according to defendants, to choose not to apply the defense. The court erred, according to defendants, by instructing the jury that it could find contributory negligence to exist and yet choose not to apply the defense to reduce the plaintiffs' damages.

We do not reach the merits of this issue. We find that the defendants waived it by their failure to object at trial. Failure to object to instructions before a case is submitted to the jury constitutes a waiver of the right to attack such instructions on appeal. *Andrew Brown Co. v. Painters Warehouse*, 111 Ariz. 404, 407, 531 P.2d 527, 530 (1975). *See also* Rule 51, 16 A.R. S. Arizona Rules of Civil Procedure.

The City acknowledges this general proposition, yet relies on *Trojanovich v. Marshall*, 95 Ariz. 145, 388 P.2d 149 (1963), and *Kelch v. Courson*, 103 Ariz. 576, 447 P.2d 550 (1968), to assert that an erroneous contributory negligence instruction constitutes fundamental error and is reviewable upon appeal.

*Trojanovich* is distinguishable, because the instruction given there required the jury to find for the defendant if it found any negligence on the part of the plaintiff. In this respect it directly violated Article 18 § 5 of the Arizona Constitution.[2] The *Trojanovich* court held that the instruction improperly restricted the jury's constitutional discretion and thus deprived the plaintiff of a fundamental right.

In *Kelch*, the plaintiff likewise claimed that the trial court's instruction had unconstitutionally restricted the jury's discretion

---

1. Bracketed within the instruction is the portion to which the defendants now object.

2. Article 18 § 5 provides, "The defense of contributory negligence or of assumption of the risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

to choose against the application of contributory negligence. Although the court ultimately rejected that claim and approved the specific instruction that the trial court had given, the court addressed the merits, finding no waiver, because a claim of fundamental, constitutional error had been raised.

The present case is distinguishable. Here there is no claim of infringement of the jury's constitutional discretion. To the contrary, the defendants claim that the jury's discretion was expanded to a degree that the constitution does not require.

We note further that the precise issue that the defendants now raise was highlighted within the very R.A.J.I. instruction that the defendants accepted at the time of trial. The portion of the instruction to which defendants now object, the portion bracketed above, was bracketed by the State Bar Civil Jury Instruction Committee in the 1987 R.A.J.I. manual. In an accompanying note, that committee defined the issue now before us:

> *Is There Discretion Not To Reduce Damages?* Does a jury which finds the existence of contributory negligence ... on the part of the plaintiff have *discretion* whether or not to make a proportional reduction of his damages, or is the jury *required* to make a proportional reduction of his damages?

(Emphasis in original). The committee further appended a discussion of pertinent authorities to assist counsel to argue the propriety of inclusion or exclusion of the bracketed language defining the extent of the jury's discretion.

In the present case, the defendants not only failed to object to the bracketed language; they requested the instruction. We find, in effect, that they stipulated to the instruction, and we find no fundamental error that would permit them to inject the issue at this late stage.

### 2. *"Companies" as Euphemism for Insurance:*

■ During closing argument, plaintiffs' counsel, Kenneth L. Allen, stated: "[T]hese guys are paid to make this lady ... come in this courtroom and be the perpetrator. That's how they keep companies.... [I]t is very easy for Mr. Nebeker [defendant's counsel] and the companies he represents to obtain doctors to give opinions only."

Defendants contend as their second issue that reversal is required because this reference to "companies" constituted an impermissible and prejudicial reference to insurance. Although plaintiffs' counsel took care to avoid the word "insurance," defendants claim (1) that these statements implied by innuendo that insurance companies were involved; (2) that they were made purposefully to incite sympathy for the plaintiffs; and (3) that they were in fact prejudicial to the defendants. Defendants assert that this misconduct on the part of plaintiffs' counsel was "calculated to create sympathy" and justifies reversal and the grant of a new trial. *Tanner v. Pacioni*, 3 Ariz.App. 297, 300, 413 P.2d 863, 866 (1966).

The record on appeal regarding this issue, as provided by defendants, consists of a one-page excerpt from plaintiffs' closing argument. In this excerpt are the two references to "companies" quoted above. Plaintiffs contend that this limited portion of the transcript is insufficient to compel the conclusion that an impermissible reference to insurance was intended. They claim that "companies" referred rather to a class of parties whom defendants' counsel frequently represented and not to insurers or to insured defendants.

We find the record adequate to conclude that Mr. Allen's reference to "companies" was a blatant, deliberate, and indefensible reference to insurance. Counsel's argument to the contrary is wholly unconvincing. This court was not born yesterday.

We do not reach the question of prejudice, however, for we conclude that defendants have waived the chance to raise the issue of misconduct on appeal. Defendants failed to object at the time of argument. Rule 51(d), 16 A.R.S.Arizona Rules of Civil Procedure provides, "Interruption of counsel in argument will not be permitted, except for the purpose of raising a question of law." Although this rule is sometimes

mistaken as a blanket prohibition of objections during argument, we stated the contrary in *Liberatore v. Thompson*, 157 Ariz. 612, 619, 760 P.2d 612, 619 (App.1988):

> Objection is not only appropriate but desirable under [Rule 51(d)] when opposing counsel begins "departing from the record, drawing illegitimate inferences, arguing facts not in the record or stating counsel's personal conclusions." *Grant v. Arizona Public Service Co.*, 133 Ariz. 434, 453, 652 P.2d 507, 526 (1982). Prompt objection permits the court to "impose restraints upon counsel once it appears that argument is proceeding past legitimate boundaries." *Id.*

We also noted in *Liberatore* that, "however desirable it may be to make immediate objection to blatant improprieties under Rule 51(d), objection has generally been regarded as sufficiently timely in Arizona if presented before the case is submitted to the jury." *Id.* Thus defendants might have objected at the close of plaintiffs' summation. In this case, however, the defendants withheld objection altogether. They neither objected during oral argument nor objected at the conclusion of oral argument nor requested a curative instruction nor moved for mistrial.[3] Having withheld the opportunity for corrective action from the trial court and having taken their chance on the jury's verdict, the defendants have no recourse on appeal.

### 3. *Prior Statements of Plaintiffs' Counsel:*

■ The plaintiffs in this action had previously filed a suit against another defendant (*Copeland v. Johnson*) for injuries Mrs. Copeland had sustained in an earlier automobile accident (Accident 1). Kenneth L. Allen represented the Copelands in both lawsuits. The trial of *Copeland v. Johnson* (Trial 1) commenced after the present accident (Accident 2), but before the present trial. During opening statement in Trial 1, Mr. Allen described Mrs. Copeland's physical condition as it existed both before and after Accident 2. He stated:

> She's in the hospital a long time [following Accident 1]. The medical bills, the records and evidence will show, were in excess of $20,000.00 and, when she's released, unfortunately, she never did in 1985, and never has to this day, returned to being able to function as she did before, anywhere close to it.... but *by the summer of 1985*, some three months, four months post-surgery, *she is in basically the same condition she is today*, as she sits in front of you [September 1986].
>
> She is unable to walk without a walker, cannot walk stairs at all, cannot lift, cannot do any housework.... *That's the way it's been since she went into the hospital in February of 1985.*

At trial in this case, counsel for the defendants attempted to question plaintiffs about their attorney's prior statements in order to impeach Mrs. Copeland's claim of significant injuries resulting from Accident 2 on August 30, 1985. (If, as her attorney asserted in Trial 1, her condition had remained unchanged from February of 1985 through September of 1986, she could not have sustained significant permanent injuries in August of 1985). The plaintiffs immediately objected, and the trial court sustained the objection.

On appeal, the City argues that the trial court erroneously excluded the judicial admissions of plaintiffs' attorney. Defendants claim that these statements were admissible pursuant to Rule 801(d)(2)(D), which states:

> A statement is not hearsay if ... The statement is offered against a party and is ... a statement by his agent ... concerning a matter within the scope of his agency ... made during the existence of the relationship....

Rule 801(d)(2)(D), 17A A.R.S. Arizona Rules of Evidence.

The opening statement of plaintiffs' counsel at Trial 1 clearly met the requirements of this rule. Defendants assert that his comments were relevant and material

---

**3.** Indeed, because the defendants filed an untimely Rule 59 motion, they never gave the trial court an opportunity to weigh the prejudice resulting from counsel's remarks and to determine the appropriate remedy.

to their claim that Mrs. Copeland's injuries did not result from the August 1985 accident, but were pre-existing injuries resulting from the first collision. Relying on *J. & B. Motors, Inc. v. Margolis*, 75 Ariz. 392, 395, 257 P.2d 588, 591 (1953), defendants assert that the exclusion of admissible evidence is reversible error "if the verdict would not have been warranted had the excluded evidence been admitted." In this case, defendants claim, the admissions of Mr. Allen would have provided valuable impeachment and substantially affected the verdict.

Plaintiffs acknowledge that a lawyer's admissions during trial may generally be used against the client. *State v. Adams*, 1 Ariz.App. 153, 155, 400 P.2d 360, 363 (1965). They assert, however, that the statements in question were merely cumulative because the City cross-examined the Copelands at Trial 2 about their *own* statements at Trial 1.

Plaintiffs are correct that "it is not prejudicial error to refuse to permit [the introduction of evidence] ... where the whole subject has been fully developed by other evidence." *Daru v. Martin*, 89 Ariz. 373, 384, 363 P.2d 61, 69 (1961). Defendants, however, dispute plaintiffs' claim that this evidence would have been cumulative and unnecessary. To the contrary, the defendants assert that the Copelands did not make similar statements in Trial 1, and that such impeachment was only available through the statements of Mr. Allen.

We are unable to determine whether Mr. Allen's statements were rendered cumulative by the testimony of the Copelands, as defendants have failed to provide this court with a transcript of that testimony. If the record does not include the relevant transcript, the court must "assume that the evidence supports the trial judge's determinations." *A.D.R. Development Co. v. Greater Arizona Sav. and Loan Ass'n*, 15 Ariz.App. 266, 267, 488 P.2d 471, 472 (1971). Here, defendants have furnished only two pages from Mr. Allen's closing argument in Trial 1 and a brief excerpt from the transcript of the present trial. In the excerpt of the present trial, the court explained its refusal to admit the statements as follows:

I ... think it brings in extraneous issues as we get down to it. What we get down to is this jury not hearing the evidence that that jury received in front of it when they heard the statements. So we get into a lot of explanation of what these various statements meant. In the interest of economy, I'm just not going to permit it.

The objection to your questioning any witnesses about Mr. Allen's statement is sustained.

Having considered the limited trial transcript provided, we find nothing to persuade us the trial court abused its discretion by this ruling.

### 4. *Conclusion:*

For the reasons set forth in this opinion the judgment of the trial court is affirmed.

KLEINSCHMIDT, P.J., and GRANT, J., concur.