916 P.2d 1098

**HALL FAMILY PROPERTIES, LTD., an Arizona limited partnership and a limited partner of Mary Ellen Properties Limited Partnership, on its own behalf and in the right of Mary Ellen Properties Limited Partnerships, an Arizona limited partnership, Plaintiff–Appellee,**

v.

**GOSNELL DEVELOPMENT CORPORATION, an Arizona corporation and the general partner of Mary Ellen Properties Limited Partnership and of Clock Tower Properties Limited Partnership; Robert A. Gosnell, Daniel G. Gosnell and William A. Gosnell, individually and as limited partners of Mary Ellen Properties Limited Partnership, Defendants–Appellants.**

No. 1 CA–CV 93–0241.

Court of Appeals of Arizona, Division 1.

Oct. 24, 1995.

Reconsideration Denied Dec. 7, 1995.

Review Denied May 21, 1996.

Goldstein & McGroder, Ltd. by Philip T. Goldstein, Phoenix, for Gosnell Development Corp., Robert A. Gosnell, Daniel G. Gosnell and William A. Gosnell.

Peskind Hymson & Goldstein, P.C. by Pamela L. Kingsley, Scottsdale, for Gosnell Development Corp.

## OPINION

NOYES, Judge.

This action arises out of a multi-million dollar dispute between partners in a construction project. After a six-week trial, the jury returned general verdicts and interrogatories that the trial court regarded as inconsistent. When the court proposed that the jury be sent back for more deliberations, Defendants' counsel objected, Plaintiff's counsel moved for a mistrial, and the court discharged the jury and ordered briefing on the motion. Later, the trial court found the verdicts and interrogatories inconsistent and declared a mistrial pursuant to Rule 49(h), Arizona Rules of Civil Procedure.[1]

On appeal, Defendants argue for judgment on the verdicts and Plaintiff argues that there is no right to appeal from an order granting a mistrial. We conclude that a Rule 49(h) mistrial order is appealable pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 12–2101(F)(1)(1994). We also conclude that the trial court did not abuse its discretion in finding that the verdicts and the interrogatories were inconsistent. We therefore deny Plaintiff's motion to dismiss the appeal, affirm the trial court's Rule 49(h) order, and remand for a new trial.

### Facts

We provide only a skeletal discussion of the facts because they are largely tangential to the issues on appeal and because the trial transcripts are not part of the record on appeal.

The litigants are partners in the Mary Ellen Properties Limited Partnership ("the partnership"). The general partner was Defendant Gosnell Development Corporation ("GDC"). The limited partners were the individual Defendants ("the Gosnell brothers") and Plaintiff Hall Family Properties, Ltd. ("HFP"). HFP had a fifty percent interest in the partnership, GDC had forty percent, and the Gosnell brothers (the sole stockholders and directors of GDC) had ten percent.

In 1986, acting both on its own behalf and as the partnership's general partner, GDC entered into a construction contract to build an office building for the partnership. The agreement provided that GDC would render planning, design, development, and construction services for the building, and that GDC would receive fees in an amount "not in excess of those which would be paid by the Partnership to third parties for comparable services." In the ensuing lawsuit, HFP al-

1. Rule 49(h) provides:

   The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict.... When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers and verdict or may order a new trial.

leged that GDC breached its contractual and fiduciary duties by overcharging the partnership about $3.2 million for fees and services, and further alleging that the Gosnell brothers had actively participated in the overcharging. HFP also alleged that GDC improperly charged the partnership $442,000 for attorneys' fees incurred by Defendants in this lawsuit. Defendants denied all allegations of wrongdoing and claimed that the partnership was obligated to pay GDC's attorneys' fees pursuant to Paragraph 13.14 of the Partnership Agreement, which provides:

13.14 *Indemnification.* The Partnership ... shall indemnify, save harmless and pay all judgments and claims against the General Partner, its employees, [etc.] from any liability, loss or damage incurred by them or by the Partnership by reason of any act performed or omitted to be performed by them in connection with the business of the Partnership, including costs and attorneys' fees (which attorneys' fees may be paid as incurred) and any amounts expended in the settlement of any claims of liability, loss, or damage, provided that, if such liability, loss, or claim arises out of any action or inaction of the General Partner, it must first be determined that the General Partner acted in good faith and with the belief that such action was in the best interests of the Partnership, and that such course of conduct did not constitute fraud, negligence, breach of fiduciary duty, or misconduct by the General Partner[.]

HFP requested damages of $5.2 million and was largely, but ambiguously, rejected. The jury found *for* HFP and against all Defendants, but it awarded zero damages against the Gosnell brothers and damages against GDC for attorneys' fees only, $442,000. (The jury had forms of verdict by which it could have found *against* HFP and for one or more of the Defendants.) The forms of verdict returned by the jury read as follows:

### Verdicts

1. For the plaintiff and against Robert A. Gosnell, awarding damages in the sum of $0.

2. For the plaintiff and against Daniel G. Gosnell, awarding damages in the sum of $ 0.

3. For the plaintiff and against William A. Gosnell, awarding damages in the sum of $ 0.

4. For the plaintiff and against GDC, awarding damages in the sum of $442,000.

The jury also answered seven interrogatories. The first four answers found that GDC did not receive excessive fees from the partnership, but the next three answers found that GDC and the Gosnell brothers had wronged the partnership.

### Interrogatories

1. The fees GDC received from the partnership for its services as architect and planner of the Clocktower Corporate Centre office building were not in excess of that amount which would be paid by the partnership to third parties for comparable services.

2. The fees GDC received from the partnership for its services as general contractor for the building shell were not in excess of that amount which would be paid by the partnership to third parties for comparable services.

3. The fees GDC received from the partnership for its services as general contractor for the tenant improvements were not in excess of that amount which would be paid by the partnership to third parties for comparable services.

4. The fees GDC received from the partnership for its services as developer were not in excess of that amount which would be paid by the partnership to third parties for comparable services.

5. GDC did not fulfill all of its fiduciary obligations to the partnership.

6. GDC breached the terms of the First Amended Agreement of the limited partnership.

7. There was either a knowing participation or knowledge amounting to acquiescence in GDC's breach of fiduciary duty by the individual defendants, Robert A. Gosnell, Daniel G. Gosnell, and William A. Gosnell.

While the jury was still present, the trial court noted the inconsistencies between the verdicts and interrogatories and conferred with counsel at the bench. The parties now dispute some of what occurred at that unreported conference, but from later, on-the-record comments made by court and counsel, we surmise that the trial court advised that it would not order further deliberations if any counsel objected—and one of Defendants' counsel objected. In hindsight, the objection appears regrettable, and so does the trial court's decision to not order further deliberations despite the objection. Several years later, the litigation is ongoing, the attorneys' fees and the costs are growing, and the prospect of another trial is looming. On the limited facts known to us, it appears that justice would have been better served if the jury had been given an opportunity to reconcile its verdicts with its answers to interrogatories. In that event, the main issue on appeal might be whether judgment should have been entered on the first verdicts or on the second verdicts, and neither party would have to suffer the prospect of a second trial.

In any event, after Defendants objected to further jury deliberations, HFP moved for a mistrial and the trial court discharged the jury and took the motion under advisement. Later, after considering extensive briefing and argument, the trial court granted the motion for mistrial in a minute entry that provided detailed findings and conclusions:

> The answers to interrogatories and the general verdicts ... are inconsistent. The answers to special interrogatories indicate that Defendant Gosnell Development Corporation did not fulfill all of its fiduciary obligations to Mary Ellen Properties Limited Partnership and Hall Family Properties and that the individual Defendants Robert A. Gosnell, Daniel G. Gosnell, William A. Gosnell knowingly participated or had knowledge amounting to acquiescence in the breach of fiduciary duty. Further, the answers to special interrogatories indicate that Defendant Gosnell Development Corporation charged customary compensation for its services, including but not limited to its services as exclusive planner, designer, developer and builder. Yet, the jury returned a general

verdict in favor of Plaintiff and against the individual Defendants awarding zero (0) damages to Plaintiff and a general verdict in favor of Plaintiff against Gosnell Development Corporation awarding damages in the amount of $442,000.00, which amount represents attorneys' fees incurred and disbursed by Gosnell Development Corporation in defending this action. Further the jury declined to use the form of verdicts that provided for the jury to find in favor of each of the individual Gosnell Defendants and against Plaintiff.

> . . . .

> Paragraph 13.14 [of the Limited Partnership Agreement] clearly provides that attorneys' fees may be paid as incurred provided that the general partner (GDC) is acting in good faith and *with the belief that such action is in the best interest of the partnership* and that such course of conduct *does not constitute fraud, negligence, a breach of fiduciary duty,* or misconduct by the general partner. In this case, as a threshold matter, the jury must find that the individual Defendants and/or Gosnell Development Corporation breached its fiduciary duty by charging excessive fees in the design, planning, development and building of the Clocktower Project. The jury's answers to the special interrogatories on this claim of Plaintiff are to the contrary. Thus, the jury concluded based upon the special interrogatories that there was no breach of fiduciary duty on the part of Gosnell Development Corporation or the individual Defendants based upon a claim of excessive fees/charges. Accordingly, the jury's award of attorneys' fees as damages as to Gosnell Development Corporation only, is inconsistent. Further, the jury's award in favor of Plaintiff in the amount of $442,000.00 against Gosnell Development Corporation only, without awarding the same amount in its verdict against individual Defendants is inconsistent based upon the jury's answers to the special interrogatories.

> While the Court must first try to harmonize the jury's verdict, ... any attempt to harmonize the jury's verdict, based upon the answers to interrogatories and the

general verdicts reached by the jury, would require speculation on the Court's part.

Therefore,

IT IS ORDERED granting Plaintiff Hall Family Properties Motion for Mistrial.

(Emphasis in original.) Defendants requested that the court reduce the minute entry to a signed order. The trial court denied the request, believing that the matter was not appealable and declining to make it so. However, on April 2, 1993, the court did sign an order "[c]onfirming the minute order dated September 30, 1992" and "[d]enying the 'Motion [f]or Entry of Formal Order Granting Motion for New Trial' dated and filed December 7, 1992...."

Defendants filed a notice of appeal on April 15, 1993 and HFP filed a motion to dismiss, which we denied. HFP then filed a petition for special action in the supreme court, which declined jurisdiction with one justice dissenting. In its brief, HFP continues to argue that we have no jurisdiction.

### Jurisdiction

■ Absent a constitutional provision, the right to appeal is statutory only. *Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981). If no statute makes an order appealable, there is no jurisdiction to consider the merits of an appeal from that order. *Id.* Defendants argue that we have jurisdiction in this case under A.R.S. section 12–2101(F)(1) (1994), which makes appealable an order "[g]ranting or refusing a new trial...." Defendants rely on *Gray v. Gardiner*, 92 Ariz. 208, 375 P.2d 562 (1962). We do not find *Gray* helpful on this point; the jurisdictional issue was neither raised nor resolved in that case.

HFP asserts that the trial court did not grant a new trial; it declared a mistrial from which there is no right to appeal. HFP relies on *Yaeger v. Vance*, which held that "an order granting a mistrial is not an appealable order under A.R.S. § 12–2101." 20 Ariz.App. 399, 400, 513 P.2d 688, 689 (1973). *Yaeger* concerned subsection (D) of A.R.S. section 12–2101, which allows an appeal "[f]rom any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken." *Yaeger* does not provide much assistance here because it does not address either Rule 49(h) or A.R.S. section 12–2101(F)(1).

We find frivolous any suggestion that no right to appeal exists because the trial court said "mistrial" and not "new trial." As the supreme court noted in *Gray v. Gardiner*, "[t]he right to a new trial necessarily follows" the grant of a mistrial. 92 Ariz. at 211, 375 P.2d at 564. Rule 49(h) gives the trial court only two options—require further jury deliberations or order a new trial—and the court chose the "new trial" option.

■ "[T]he appealability of an order 'turns on the character of the proceedings which resulted in the order appealed from.'" *John Carollo Engineers v. Sharpe*, 117 Ariz. 413, 416, 573 P.2d 487, 490 (1977) (quoting *Kemble v. Porter*, 88 Ariz. 417, 419, 357 P.2d 155, 156 (1960)). A Rule 49(h) mistrial is a post-verdict grant of a new trial, and we find that fact significant. Most mistrials are declared prior to verdict and, in those cases, an appeal from the mistrial order would be pointless: even if the appellate court found that the trial court had erred in ordering a mistrial, it could grant no substantive relief other than that already granted by the trial court, i.e., a new trial.

■ On the other hand, a meaningful appellate remedy does exist on appeal from a Rule 49(h) mistrial order. If that order is reversed on appeal, the action can be remanded for entry of judgment on the verdicts. *See* Rule 49(h) ("When the general verdict and the answers are harmonious, the court shall direct the entry of the appropriate judgment upon the verdict and answers.").

Rule 59 specifies the general grounds for granting a new trial. That the trial court did not grant relief pursuant to Rule 59 is immaterial. A.R.S. section 12–2101(F)(1) confers jurisdiction over an appeal from an order "[g]ranting or refusing a new trial...." The statute does not require that the new trial order be based on a particular rule.

We hold that appellate courts have jurisdiction to consider the merits of an appeal from a signed order granting a new trial pursuant to Rule 49(h).

■ Because we inquire *sua sponte* into our own jurisdiction, *Stevens v. Mehagian's Home Furnishings, Inc.*, 90 Ariz. 42, 43, 365 P.2d 208, 209 (1961), we dispose of an issue the parties did not raise. A party cannot appeal from an unsigned minute entry granting a new trial; the appeal must be from a signed judgment or order. *See* Ariz.R.Civ.P. 54(a), 58(a); *Zoellner v. Zoellner*, 4 Ariz.App. 561, 562, 422 P.2d 392, 393 (1967) ("[A] minute entry denying an order for new trial is not an appealable order or judgment absent a written order signed by the judge and filed with the Clerk of the Court."). The trial court's September 30 unsigned minute entry granting a Rule 49(h) mistrial does not satisfy the "entry of judgment" requirement of Rule 58(a). However, the April 2 signed order explicitly confirms the September 30 minute entry, and does satisfy Rule 58(a).

In *Apache East, Inc. v. Means*, this Court dismissed an appeal because the subject of the appeal was a ruling in an unsigned minute entry that was obliquely mentioned in the "preamble" of the signed order from which the appeal was taken. 124 Ariz. 11, 13–14, 601 P.2d 615, 617–18 (App.1979). The *Apache East* court held that, to satisfy Rule 58(a), an order "should stand out loud and clear so that the practitioner can ascertain [its] rendition, [it] should not be hidden away in a preamble to a judgment upon and [sic] entirely separate point." *Id.* at 14, 601 P.2d at 618 (footnote omitted). We conclude that the April 2 order satisfies the *Apache East.* "loud and clear" test.

### New Trial

■ "The granting of a motion for a mistrial is within the discretion of the trial court and such an order will not be disturbed unless an abuse of discretion is shown." *Gray v. Gardiner*, 92 Ariz. at 210, 375 P.2d at 564 (citations omitted). Because the Rule 49(h) mistrial order is really an order granting a new trial, we give it deferential review. The Arizona Supreme Court has "held repeatedly that unless it is apparent that the

trial court has abused its discretion we will not set aside such an order [granting a new trial]." *Caldwell v. Tremper*, 90 Ariz. 241, 245, 367 P.2d 266, 269 (1962). The appellate courts "are more liberal in sustaining an order for new trial than where it is denied." *Id.* at 246, 367 P.2d at 269 (quoting *Zevon v. Tennebaum*, 73 Ariz. 281, 284, 240 P.2d 548, 550 (1952) and *Sadler v. Arizona Flour Mills Co.*, 58 Ariz. 486, 490, 121 P.2d 412, 413 (1942)).

■ We find the trial court's explanation of the inconsistencies between the verdicts and the interrogatories reasonable, and supported by the record on appeal. Rather than reiterate or elaborate on what the trial court has thoroughly articulated, we adopt the trial court's analysis and turn to Defendants' arguments.

Defendants claim that the jury could have found that GDC's actions damaged the partnership, but that the Gosnell brothers' participation or acquiescence did not cause additional damages. Therefore, Defendants argue, the verdicts are not inconsistent because the jury logically could have held GDC liable for attorneys' fees without imposing liability on the Gosnell brothers. This analysis contradicts the following jury instruction:

> Robert A. Gosnell, Daniel G. Gosnell, and William A. Gosnell cannot be individually liable for any alleged wrongful acts or purported breach of fiduciary duty by Gosnell Development Corporation during the period in which they served as officers and directors of Gosnell Development Corporation, unless they had knowledge of, knowingly participated in or ratified such wrongful acts or breach of fiduciary duty.

This instruction complies with Arizona law, which imposes liability on corporate officers and directors if they knowingly participate or acquiesce in corporate torts. *See Bischofshausen, Vasbinder, and Luckie v. D.W. Jaquays Mining and Equip. Contractors Co.*, 145 Ariz. 204, 210–11, 700 P.2d 902, 908–09 (App.1985). The answer to interrogatory 7 found, in effect, that the Gosnell brothers were liable for GDC's breach of fiduciary

duty, but the verdicts award HFP zero damages against the Gosnell brothers.

Defendants also argue that the jury intended to award only $442,000 and perhaps thought that awarding that amount against the three Gosnell brothers and GDC would quadruple the recovery. The law would not have allowed HFP to collect damages more than once, and we will not speculate that the jury thought otherwise. *See, e.g., Rager v. Superior Coach Sales and Serv.,* 110 Ariz. 188, 191, 516 P.2d 324, 327 (1973) ("[F]or one cause of action the plaintiff may have as many money judgments as there are tortfeasors, but may have but one satisfaction." (quoting *Payne v. Bertman,* 224 Mo.App. 690, 27 S.W.2d 28, 30 (1930)). We appreciate that this proposition illustrates the harmlessness of the jury's failure to assess $442,000 against the Gosnell brothers: because HFP can recover the amount only once, judgment against GDC alone would seem sufficient. Assuming this to be true, however, does not render immaterial all inconsistencies between verdicts and interrogatories. There remains the inconsistency between the verdict that GDC was not entitled to indemnification for attorneys' fees pursuant to the Partnership Agreement, and the interrogatory answers that GDC had not overcharged the partnership.

Defendants argue that HFP gave the jury an alternative theory that allowed it to find that GDC breached the attorneys' fees provision but did not commit other wrongdoing. Paragraph 13.14 of the Partnership Agreement allows the general partner to charge its fees to the partnership "provided that . . . it must first be determined that the General Partner acted in good faith. . . ." Focusing on the word "first," Defendants claim that HFP argued that GDC breached this provision by not obtaining an independent legal opinion of its good faith *before* charging the attorneys' fees. The transcript of HFP's final argument does contain one brief mention of this theory, a theory we find as implausible as the trial court did. The record on appeal does not contain transcripts of testimony in this lengthy and complex trial, and we will not reverse an order granting a new trial simply because final argument contains a patently implausible theory that coun-

sel argued only in passing and the trial court later rejected. We agree with the trial court that the verdict against GDC for attorneys' fees could only be consistent with interrogatory answers that GDC "breached its fiduciary duty by charging excessive fees" to the partnership. Because the jury did not return those answers, the verdicts and interrogatories were inconsistent.

■■■ Interpretation of a contract is generally a question of law for the court. *Wagner v. City of Globe,* 150 Ariz. 82, 87, 722 P.2d 250, 255 (1986) (citing *Leikvold v. Valley View Community Hospital,* 141 Ariz. 544, 548, 688 P.2d 170, 174 (1984)). If a contract is ambiguous, the parties may offer evidence to help interpret it, in which case construction is a question for the jury. *Id.* If Paragraph 13.14 of the Partnership Agreement were ambiguous, and if competing interpretations were presented to the jury, then further analysis might be necessary, if the record permitted it. Because the record does not contain any testimony, we will assume that the evidence supports the trial court's determinations of the meaning of Paragraph 13.14. *Copeland v. City of Yuma,* 160 Ariz. 307, 311, 772 P.2d 1160, 1164 (App.1989); *A.D.R. Dev. Co. v. Greater Arizona Sav. and Loan Ass'n,* 15 Ariz.App. 266, 267, 488 P.2d 471, 472 (1971).

### Attorneys' Fees

HFP has requested an award of attorneys' fees pursuant to A.R.S. section 12–341.01(A) (1992), which provides for a discretionary award of fees to the successful party in an action arising out of a contract. Although HFP is the successful party on appeal, and the action arises out of contract, the action continues. Therefore, we award no fees to HFP at this time. If HFP ultimately succeeds on remand, its request to the trial court for an award of reasonable attorneys' fees and costs may include those incurred in this appeal.

### Conclusion

A signed order granting a new trial pursuant to Rule 49(h) is appealable pursuant to A.R.S. section 12–2101(F)(1). The trial court

did not abuse its discretion in finding the verdicts and interrogatories inconsistent and in ordering a new trial pursuant to Rule 49(h).

HFP's motion to dismiss the appeal is denied, the trial court's Rule 49(h) order granting a new trial is affirmed, and the action is remanded to the trial court for further proceedings.

GRANT and LANKFORD, JJ., concur.