NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

UNITED AUTO TOWING, INC.,
*Plaintiff/Counterdefendant/Appellee,*

*v.*

CHADWICK R. GAMMAGE,
*Defendant/Counterclaimant/Appellant.*

No. 1 CA-CV 15-0739
FILED 1-17-2017

Appeal from the Superior Court in Maricopa County
No. CV2011-097301
The Honorable David King Udall, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Chadwick R. Gammage, Gilbert
*Defendant/Counterclaimant/Appellant*

Davis Miles McGuire Gardner, PLLC, Phoenix
By Bradley D. Weech, Marshall R. Hunt
*Counsel for Plaintiff/Counterdefendant/Appellee*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

**T H U M M A**, Judge:

¶1            Chadwick R. Gammage appeals from a decision, entered after a bench trial, in favor of United Auto Towing Inc. on United's claims and Gammage's counterclaims. Treating Gammage's timely appeal as a petition for special action relief, the court accepts jurisdiction but denies relief.

## FACTS[1] AND PROCEDURAL HISTORY

¶2            In April 2007, Gammage and Angeline Begay formed United, an Arizona corporation, to provide towing services. Gammage and Begay set up United so they are each shareholders and directors, with Gammage owning 33 percent of the United stock and Begay owning the remainder. Almost immediately, a dispute arose regarding United and various lawsuits were filed. In this case, United's amended complaint asserts a breach of contract claim against Gammage seeking approximately $20,000 and other relief and Gammage's counterclaim seeks approximately $60,000 and other relief from United.

¶3            After substantial motion practice, including motions to compel and United's withdrawal of its jury trial demand, a bench trial on the competing claims took place in August 2015. In a September 2015 signed ruling, the superior court found in favor of United on its affirmative claims and on Gammage's counterclaims; awarded United $20,231.11; found United was entitled to attorneys' fees and set forth a schedule for resolving fees and, stating that "[n]o further matters remain pending in this case," directed that the ruling was a final judgment. *See* Ariz. R. Civ. P. 54(c)

---

[1] This court views the evidence in a light most favorable to sustaining the judgment. *Sabino Town & Country Estates Ass'n v. Carr*, 186 Ariz. 146, 149 (App. 1996).

(2016).[2] Gammage filed a timely notice of appeal from that September 2015 ruling.

**¶4**         After additional briefing, in November 2015, the superior court entered a judgment repeating the relief granted in the September 2015 ruling and awarding United attorneys' fees and costs. This November 2015 judgment states that "[n]o further matters remain pending and this judgment is entered pursuant to Rule 54(c)." Gammage did not appeal from the November 2015 judgment and did not amend his earlier notice of appeal to account for the November 2015 judgment.

## DISCUSSION

### I.    Jurisdiction.

**¶5**         This court's appellate jurisdiction is purely statutory. Ariz. Const. art. 6, § 9; *Hall Family Properties, Ltd. v. Gosnell Dev. Corp.*, 185 Ariz. 382, 386 (App. 1995). A decision beyond the limits of statutory appellate jurisdiction is a nullity. *State v. Avila*, 147 Ariz. 330, 334 (1985). Accordingly, this court has an independent duty to determine whether it has appellate jurisdiction. *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465 (App. 1997).

**¶6**         Gammage timely appealed from the September 2015 ruling, which stated "[n]o further matters remain pending in this case." That same September 2015 ruling, however, set forth a briefing schedule to resolve attorneys' fees, which remained pending. Because the fee request had not yet been resolved, the September 2015 ruling should not have been designated a Rule 54(c) final judgment. *See* Ariz. R. Civ. P. 54(c) (noting such a judgment can only be entered when "no further matters remain pending"). Nor was the September 2015 ruling certified as a partial final judgment. *See* Ariz. R. Civ. P. 54(b). Accordingly, in substance, the September 2015 ruling was not a final judgment or appealable order, meaning this court lacks appellate jurisdiction. *See, e.g.*, *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 421, 428-29 ¶ 12 (App. 2016); *Kool Radiators, Inc. v. Evans*, 229 Ariz. 532, 534 ¶ 8 (App. 2012) (citing cases).

**¶7**         Gammage's notice of appeal from the September 2015 ruling was, however, timely filed and it does not appear that he has "an equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). Moreover, the Rule 54(c) issues here were not instigated or created by

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

Gammage, but rather by the entry of two Rule 54(c) judgments in the same case. Accordingly, this court will sua sponte treat Gammage's putative appeal as a petition for special action challenging the September 2015 ruling, and exercise its discretion to accept special action jurisdiction. *See* Arizona Revised Statutes (A.R.S.) section 12-120.21(A)(4); Ariz. R.P. Spec. Act. 1(a); *accord State v. Bayardi*, 230 Ariz. 195, 197–98 ¶ 7 (App. 2012).[3]

## II.     Gammage's Brief Fails To Comply With Applicable Rules.

**¶8**        Gammage's opening brief fails to comply with the Arizona Rules of Civil Appellate Procedure (ARCAP). "Opening briefs must present and address significant arguments, supported by authority that set forth the appellant's position on the issue in question." *Ritchie v. Krasner*, 221 Ariz. 288, 305 ¶ 62 (App. 2009). An opening brief must include appropriate references to the record as well as the authorities relied upon. ARCAP 13(a)(4), (5), (7). Failure to properly raise an argument on appeal, in most cases, results in abandonment and waiver of that argument. *See Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996). On this basis alone, the relief Gammage seeks from this court properly is denied.

## III.     Gammage Has Shown No Reversible Error.

**¶9**        Gammage argues the superior court erred in five respects: (1) denying his motions to compel; (2) allowing Begay to sue; (3) ruling for United on liability; (4) ruling for United on damages and (5) not holding a jury trial. The court addresses these arguments in turn.

### A.     The Superior Court Did Not Err In Denying Gammage's Motions To Compel.

**¶10**        Gammage argues the superior court erred in denying his motions to compel, an issue this court reviews for an abuse of discretion. *See Romley v. Schneider*, 202 Ariz. 362, 363 ¶ 5 (App. 2002). The court struck his first motion to compel, and denied his second motion to compel, because Gammage failed to show that he personally consulted with United in a good faith effort to resolve the discovery dispute before filing the motions, a pre-requisite to a proper motion to compel. *See* Ariz. R. Civ. P. 37(a)(1). The record supports that finding, and Gammage did not cure these

---

[3] Because no timely notice of appeal or amendment was made in response to the November 2015 judgment, this court lacks jurisdiction to address issues resolved in that judgment but not addressed in the September 2015 ruling.

defects in his motions when he had an opportunity to do so. On this record, the superior court did not err in denying Gammage's motions to compel.

### B. The Superior Court Did Not Improperly Allow Begay, Who Is Not A Party, To Sue In This Case.

¶11 Gammage claims "the [superior] court erred in permitting Angela Begay to bring the lawsuit" because she lacked standing. *See Dietel v. Day*, 16 Ariz. App. 206, 208 (1972). Begay, however, is not a party in this case. At trial, Gammage testified that, although "United Auto Towing and myself" were parties, Begay was not a party. Similarly, because Begay is not a party, Gammage's argument that "Begay did not have standing to bring a suit on behalf of United" misses the mark.[4] Accordingly, Gammage's claim of error based on the superior court purportedly allowing Begay to sue in this case is not supported. *See Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389 (App. 2005) ("[this court] do[es] not accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts") (citation omitted).

### C. The Superior Court Did Not Err In Finding For United On Its Contract Claim.

¶12 Gammage argues the superior court erred in finding for United on its contract claim, arguing "[t]here are no findings as to what 'breach' of what 'contract' occurred." This court does not reweigh the trial evidence on appeal. *See Sholes v. Fernando*, 228 Ariz. 455, 460 ¶ 15 (App. 2011). The superior court's factual findings will be affirmed unless they are clearly erroneous. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 189 ¶ 58 (App. 2008).

¶13 United alleged Gammage breached a contract between Gammage and United by withdrawing funds from United's bank account and using those funds for his own benefit. The parties' joint pretrial statement listed, as uncontested issues, that by October 2008, Gammage "agreed to the opening of a United Bank account at Wells Fargo. He agreed that the account was to be used for the deposit, withdrawal and other

---

[4] Because Begay is not a party, Gammage's similar argument that "[n]o Articles of Incorporation of Bylaws were produced authorizing Ms. Begay to distribute money to herself then file a lawsuit against Mr. Gammage for damages to the company" also misses the mark.

banking functions of United. He agreed that it was not to be for his personal benefit or his personal use." The trial evidence further showed that, without United's approval or agreement, along with directing an analysis of the bank account at a cost of $2,351.11, Gammage withdrew $16,580 from the United account for his own personal use, which resulted in the account accruing $1,300 in bank fees. As a result of Gammage's breach, United proved that it had been damaged by the total of these amounts: $20,231.11. On this record, Gammage has not shown the superior court erred by finding he breached his contract with United or that the damages awarded to United were improper.

### D.    The Superior Court Did Not Err In Finding For United On Gammage's Counterclaims.

**¶14**    Gammage challenges the superior court's rejection of his counterclaims, summarily relying on various arguments. To the extent his challenge is based on an argument that his actions did not constitute "a breach of contract," those arguments fail for the reasons set forth above. To the extent his challenge is based on an argument that "[t]he [superior] court refused to allow Mr. Gammage to ask questions at the trial related to the conversion of his money that he had contributed to the corporation," he fails to list any specific question that he was not allowed to ask, cite any portion of the transcript or cite any legal authority showing that he had the right to ask any specific question that he was not allowed to ask. *Macmillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient."). And to the extent his challenge is based on the argument that the superior court "allow[ed] Begay] to obtain damages against Mr. Gammage yet denying him any credit for his contributions or an action for violation of her duty to him as a shareholder," that argument ignores the fact that Begay is not a party.

**¶15**    To the extent Gammage argues the superior court should have awarded him $60,000 that he claims to have "contributed" to United because "there were no bylaws to the contrary," the court found "there are no by-laws of the corporation" and "there are no stock redemption agreements applicable in this case." Those findings are supported by the record and Gammage has not shown he has a right to such an award under any bylaws or stock redemption agreements.

**¶16**    Gammage also cites A.R.S. § 10-640. That provision allows shareholder distributions in certain circumstances, but only if the corporation is solvent after such distributions are made. *See* A.R.S. § 10-640(C)(1) ("[a] distribution shall not be made if, after giving it effect . . . [t]he

6

corporation would not be able to pay its debts as they become due in the usual course of business"). Gammage failed to assert this argument with the superior court, meaning it is waived on appeal. *See Continental Lighting & Contracting, Inc. v. Premier Grading & Utilities, LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011). Moreover, even if he had relied on this statute in presenting argument to the superior court, Gammage's withdrawals from the United bank account and the corresponding expenses described above left United insolvent. Accordingly, A.R.S. § 10-640 would have prohibited the distribution.

**¶17** Finally, to the extent he is claiming some type of rescission, there is no evidence that Gammage tendered his stock back to United in seeking such relief. *See Jennings v. Lee*, 105 Ariz. 167, 171-72 (1969). Indeed, on the record, Gammage still owns 33 percent of the United stock. For all of these reasons, Gammage has not shown the superior court erred in finding that he "ha[d] no legal right to have his $60,000.00 investment in the stock [be] returned to him."

### E.     The Superior Court Properly Found Gammage Waived His Right To A Jury Trial.

**¶18** Gammage argues the trial should have been to a jury, not the court. Gammage, however, never filed a demand for jury trial. *See* Ariz. R. Civ. P. 38(d). Accordingly, he waived any right to a jury trial. *Graf v. Whitaker*, 192 Ariz. 403, 407 ¶ 16 (App. 1998); Ariz. R. Civ. P. 38(d).

**¶19** It is true that United demanded a jury trial, but later withdrew that demand. Gammage, however, cannot rely on United's demand for a jury trial to obviate his need to file such a demand. *See Health for Life Brands, Inc. v. Powley*, 203 Ariz. 536, 543 ¶ 31 (App. 2002) (holding party waives jury trial right by not filing timely demand, even where other party filed jury trial demand later withdrawn). Similarly, Gammage has not shown that the equitable doctrine of laches applies to excuse his failure to timely demand a jury trial, or prohibits United from later withdrawing its demand for a jury trial. *See Hackin v. Pioneer Plumbing Supply Co.*, 10 Ariz. App. 150, 153 (1969) ("Whether or not a litigant should be relieved from the consequences of waiver of a jury trial, is generally regarded as being in the discretion of the trial court."). On this record, Gammage has not shown how the bench trial was error.

## IV.     Attorneys' Fees And Taxable Cost On Appeal.

**¶20** Because he is not the successful party, Gammage's request for taxable costs on appeal is denied. Because United is the successful party on

appeal, this court grants its request for reasonable attorneys' fees pursuant to A.R.S. § 12-341.01 and taxable costs on appeal, contingent upon its compliance with ARCAP 21.

## CONCLUSION

**¶21** Treating the timely appeal as a petition for special action, the court accepts jurisdiction but denies relief.

