313 P.3d 537

**Dianne TAYLOR–BERTLING and Richard L. Bertling, Wife and Husband, Plaintiffs/Appellants,**

v.

**Theresa FOLEY, A Single Woman, Defendant/Appellee.**

No. 2 CA–CV 2013–0079.

Court of Appeals of Arizona, Division 2.

Nov. 20, 2013.

---

Rockafellow Law Firm By Leighton H. Rockafellow and Leighton H. Rockafellow, Jr., Tucson, Counsel for Plaintiffs/Appellants.

Curl & Glasson, P.L.C., By Douglas W. Glasson, Tucson, Counsel for Defendant/Appellee.

## MEMORANDUM DECISION

ECKERSTROM, Judge:

¶ 1 Appellants Dianne Taylor–Bertling and Richard Bertling (the Taylor–Bertlings) brought suit against appellee Theresa Foley alleging negligence. The jury found in favor of Foley and judgment was entered against the Taylor–Bertlings. The Taylor–Bertlings now appeal, asserting six different claims of trial error. For the following reasons, we affirm.

### Factual and Procedural Background

¶ 2 "We view the facts and the reasonable inferences therefrom in the light most favorable to upholding the jury's verdict[ ]." *Crackel v. Allstate Ins. Co.,* 208 Ariz. 252, ¶ 3, 92 P.3d 882, 885 (App.2004). On February 20, 2010, while at the home of Theresa Foley, Dianne Taylor–Bertling tripped and fell over a pot placed in a hallway of Foley's home. The Taylor–Bertlings filed suit against Foley, alleging Foley had been negligent in her maintenance of the premises, creating an unreasonably dangerous condition that was not open and obvious, and had failed to warn Dianne Taylor–Bertling of the hazard. After a three-day jury trial, a verdict was returned in favor of Foley. The Taylor–Bertlings filed a motion for new trial, which the court denied. This timely appeal followed. We have jurisdiction pursuant to A.R.S. § 12–120.21(A)(1).

### Limitation of Expert Testimony

¶ 3 The Taylor–Bertlings' first claim of error is that the trial court should have permitted their expert witness to testify

that he had relied on a code known as the "Life Safety Code" as a basis for his opinion that the placement of the pot constituted a safety hazard. "We will not disturb the superior court's ruling on the admissibility of evidence unless it abused its discretion or misapplied the law." *Girouard v. Skyline Steel, Inc.*, 215 Ariz. 126, ¶ 10, 158 P.3d 255, 258 (App.2007). We find no abuse of discretion occurred here.

¶ 4 Before trial, Foley filed a motion in limine to preclude the Taylor–Bertlings "from introducing any report affidavit or opinion testimony ... that Defendant Foley violated" various codes, including the "Life Safety Code (LSC), 2006 Edition." In opposing the motion, the Taylor–Bertlings conceded the LSC had never been adopted by Pima County. Noting the potential for a jury to accord "more import" to an opinion "[a]s soon as they hear [reference to] a code," the trial court granted Foley's motion with respect to the LSC, concluding expert testimony about "the existence of this nonadopted life safety code ha[s] a real potential for confusing ... the issues" and causing prejudice.

¶ 5 The Taylor–Bertlings assert that, at the outset of the case, the probative value of the evidence outweighed any potential prejudice and that any prejudice could have been averted by defense counsel. They also claim that after Foley "opened the door" to admission of the LSC "by asking if there was a code that dealt directly with furniture placement," the balance of probative value versus prejudice tipped further in favor of admission.

¶ 6 Under Rule 703 of the Arizona Rules of Evidence, facts or data that form the basis for an expert's opinion that are otherwise inadmissible may nonetheless be disclosed to the jury "only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial ef-

fect." The Taylor–Bertlings' argument essentially asks us to re-weigh the balance of prejudice versus probative value, which we will not do. *Cf. Yauch v. S. Pac. Transp. Co.*, 198 Ariz. 394, ¶ 26, 10 P.3d 1181, 1190 (App. 2000) ("[T]he balancing of factors ... is peculiarly a function of trial courts, not appellate courts."). Because the Taylor–Bertlings have not asserted any errors of law or fact beyond the weighing of probative value and prejudice, we find the trial court did not abuse its discretion in refusing to admit the evidence.[1]

### Negligence Per Se

¶ 7 The Taylor–Bertlings next claim the trial court erred in declining to give a jury instruction on negligence per se. They maintain Foley's placement of the pot in the hallway violated the International Residential Code, a building code adopted by Pima County. "We review a trial court's refusal to give a jury instruction for an abuse of the court's discretion...." *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, ¶ 7, 107 P.3d 923, 926 (App.2005). The court did not abuse its discretion in refusing to instruct the jury on negligence per se.

¶ 8 A trial court is required to instruct the jury only as to "legal theories supported by the evidence." *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, ¶ 63, 977 P.2d 807, 817 (App.1998). The Taylor–Bertlings argue the placement of the pot in the hallway violated the International Residential Code, as adopted by Pima County, by reducing the width of the hallway to twenty-four inches, rather than the thirty-six inches required by the code. In short, they ask us to hold that where an individual chooses to place furniture in their own home may be the basis of a building code violation and a civil penalty. *See* Pima County Code § 15.04.050 (stating violation of building code is civil infraction subject to penalty). But the International

1. In their reply brief, the Taylor–Bertlings assert the court erred in applying the balancing test of Rule 403, Ariz. R. Evid., which measures probative value to the case as a whole against the danger of prejudice, rather than the balancing test of Rule 703, which balances the probative value in assisting the jury to evaluate an expert's opinion against the danger of prejudice. This argument was not presented in their opening brief, and we therefore do not consider it. *See* Ariz. R. Civ.App. P. 13(a)(5) (Opening brief shall set forth "[a] statement of the issues presented for review"); *Ness v. W. Sec. Life Ins. Co.*, 174 Ariz. 497, 502, 851 P.2d 122, 127 (App.1992) ("[A]n issue raised for the first time in appellant's reply brief comes too late.").

Residential Code does not address the placement of furniture—a fact that the Taylor–Bertlings' own expert acknowledged in his testimony. *See Salt River Valley Water Users' Ass'n v. Compton,* 39 Ariz. 491, 496, 8 P.2d 249, 251 (1932) (finding negligence per se can apply only where statute "provide[s] that a certain thing must or must not be done"), *overruled on other grounds by MacNeil v. Perkins,* 84 Ariz. 74, 80, 324 P.2d 211, 215 (1958). Thus, neither the content of the code nor the facts presented at trial support an instruction on negligence per se, and the trial court did not abuse its discretion in refusing to give such an instruction.

### Plaintiffs' Closing Argument

¶ 9 During the Taylor–Bertlings' closing argument, the court asked counsel to approach the bench and, out of the hearing of the jury, stated, "I'm starting to think about limiting your closing. So do you have an idea?" Counsel stated he was almost finished, and the brief bench conference ended. Counsel then proceeded with his closing argument, telling the jury, "The Judge is telling me I'm taking a little too long. He's probably right." On appeal, the Taylor–Bertlings assert the court's comment to counsel was an improper ex parte communication that "resulted in the appearance of bias and impropriety that created prejudice" and warranted a new trial.

¶ 10 We review a trial court's decision to deny a motion for new trial for an abuse of discretion, and the burden is on the party seeking to overturn the court's ruling to show such an abuse occurred. *See Pullen v. Pullen,* 223 Ariz. 293, ¶ 10, 222 P.3d 909, 912 (App.2009). The Taylor–Bertlings have not met that burden here.

¶ 11 A new trial based on an ex parte communication is required only if 1) the communication creates the appearance of bias, impropriety, or favoritism, such that it "threaten[s] the integrity of the judicial process," and 2) the person asserting error was

prejudiced. *McElhanon v. Hing,* 151 Ariz. 403, 411–13, 728 P.2d 273, 281–83 (1986). The Taylor–Bertlings have not demonstrated that either prong of this test is met.

¶ 12 The trial court's conduct did not rise to the level of suggesting bias, impropriety, or favoritism. This is not a case in which "a judge bec[ame] so personally involved that there [was] an appearance of hostile feeling, ill will, or favoritism toward one of the litigants." *Id.* at 411, 728 P.2d at 281. Had counsel not commented, the jury would have been aware only that the court had asked counsel to approach the bench for a brief conference.

¶ 13 Nor does the record demonstrate the Taylor–Bertlings were prejudiced. Ex parte communications are prohibited, in part, because they "may allow the judge to be improperly influenced or inaccurately informed" by communications made by one party, when the other party has no knowledge of or opportunity to respond to the exchange. *See id.* at 409, 728 P.2d at 279; *see also In re Estate of Long,* 229 Ariz. 458, ¶ 25, 276 P.3d 527, 533 (App.2012); Ariz. Code of Jud. Conduct 2.9, Ariz. R. Sup.Ct. 81 (noting ex parte communications for "scheduling, administrative, or emergency purposes" are allowable if the judge "gives the parties an opportunity to respond"); Leslie W. Abramson, *The Judicial Ethics of Ex Parte and Other Communications,* 37 Hous. L. Rev. 1343, 1355 (2000) ("When ex parte communications are used, excluded parties lose the opportunity to rebut unfavorable or incorrect information."). The Taylor–Bertlings do not cite, and we cannot find, any case where the party receiving an ex parte admonition from the court was found to be prejudiced thereby. Because the Taylor–Bertlings cannot demonstrate either that the communication .created the appearance of bias or that they were prejudiced, we conclude the trial court did not abuse its discretion in denying the motion for new trial.[2]

2. The Taylor–Bertlings also assert the trial court erred in denying their motion for new trial based on comments made by Foley during closing argument. The Taylor–Bertlings did not timely object to Foley's comments and have therefore waived this issue on appeal. *See Copeland v. City of Yuma,* 160 Ariz. 307, 309–10, 772 P.2d 1160, 1162–63 (App.1989); *see also Williams v. Thude,* 188 Ariz. 257, 260, 934 P.2d 1349, 1352 (1997) (" 'fundamental error' doctrine," permitting lim-

### Admission of Edward Foley's E–Mail

¶ 14 In March 2010, approximately six weeks after the incident, Foley received an e-mail from her father in which he stated, "As I said to you at the time, having something low to the floor in the hallway, that is easy to overlook and therefore easy to stumble over, was really dumb. Please give Dian[n]e my best wishes." Foley forwarded this e-mail to Dianne Taylor–Bertling without comment. The Taylor–Bertlings argue the trial court erred in denying admission of this e-mail, claiming that it was either non-hearsay as an admission against interest or that it was hearsay, but admissible as a past recollection recorded. "We review a trial court's ruling on the admissibility of hearsay evidence for an abuse of discretion." *State v. Bronson,* 204 Ariz. 321, ¶ 14, 63 P.3d 1058, 1061 (App.2003).

¶ 15 A statement is non-hearsay if it "is offered against an opposing party and" was either made or manifestly adopted by the party. Ariz. R. Evid. 801(2)(A) and (B). The Taylor–Bertlings concede that this e-mail was not written by Foley, but nonetheless contend that Foley's forwarding of the e-mail to Dianne Taylor–Bertling was an adoption of the statements contained within it.

¶ 16 We find Foley's forwarding of the e-mail was not intended as an adoption of the statements it contained. A party adopts a statement when she "affirmatively agrees ... or expounds on the statement[ ] by adding [her] own 'explanations and comments.'" *State v. Anderson,* 210 Ariz. 327, ¶ 36, 111 P.3d 369, 381 (2005), *quoting State v. Daugherty,* 173 Ariz. 548, 550, 845 P.2d 474, 476 (App.1992). Here, where Foley made no statement of agreement and added no further explanation or comment, she did not adopt the statements made by her father, and the e-mail was not admissible as a party admission.

¶ 17 Nor was the e-mail admissible as the recorded recollection of Foley's father,

Edward Foley. Assuming arguendo that the e-mail itself is admissible as a record of Edward Foley's memory of the event, the statement concerning the placement of the pot was not originally made in the e-mail, making it hearsay within hearsay. When a document contains two levels of hearsay, each level of hearsay must be separately admissible to allow admission of the whole. *See* Ariz. R. Evid. 805; *Diaz v. Magma Copper Co.,* 190 Ariz. 544, 552, 950 P.2d 1165, 1173 (App.1997). The Taylor–Bertlings have not asserted any grounds for finding the original statement was not hearsay. We therefore conclude the e-mail was not admissible as a recorded recollection, and the trial court did not abuse its discretion in excluding it as inadmissible hearsay.

### Juror Question

¶ 18 The Taylor–Bertlings' final claim of error is that the court should have allowed their counsel to answer a juror's factual question concerning the weight of the pot. We review a trial court's decision whether to answer a juror's question for an abuse of discretion. *Warner v. Sw. Desert Images, LLC,* 218 Ariz. 121, ¶ 40, 180 P.3d 986, 999 (App.2008). We find no abuse of discretion occurred.

¶ 19 The witness on the stand at the time the question was asked was unable to answer the question. Counsel for the Taylor–Bertlings suggested answering the question himself, but did not propose asking the question of another witness or offering a stipulation. No stipulation was ever entered, and no exhibits concerning the weight of the pot were admitted. What lawyers say in trial is not evidence, and lawyers are generally not permitted to act as both advocate and witness in the same case. *See Ritchie v. Krasner,* 221 Ariz. 288, ¶ 52, 211 P.3d 1272, 1287 (App.2009); Revised Arizona Jury Instructions (Civil) Preliminary 7; ER. 3.7 cmt. 1, Ariz. R. Prof'l Conduct, Ariz. R. Sup.Ct. 42 ("Combining the roles of advocate and wit-

---

ited review of alleged errors not raised below, "should be used sparingly, if at all, in civil cases"); *Bradshaw v. State Farm Mut. Auto. Ins. Co.,* 157 Ariz. 411, 420, 758 P.2d 1313, 1322 (1988) (fundamental error doctrine "may be lim-

ited" in civil cases to situations implicating deprivation of constitutional right); *State v. Moreno–Medrano,* 218 Ariz. 349, ¶ 17, 185 P.3d 135, 140 (App.2008) (failure to allege fundamental error on appeal waives argument).

ness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client.").

■ ¶ 20 The Taylor–Bertlings nonetheless claim their counsel should have been allowed to answer the question because the weight of the pot was included in one of their disclosure statements. But while disclosure statements may be admitted into evidence as party admissions, *see Ryan v. San Francisco Peaks Trucking Co.*, 228 Ariz. 42, ¶ 16, 262 P.3d 863, 868 (App.2011), they are not in and of themselves evidence, *see Clark Equip. Co. v. Ariz. Prop. & Cas. Ins. Guar. Fund,* 189 Ariz. 433, 440, 943 P.2d 793, 800 (App.1997) ("The purpose of disclosure is ... to give each party adequate notice of ... what evidence will be presented at trial."). Accordingly, it would have been inappropriate for the court to allow the Taylor–Bertlings' counsel to answer the question. No error occurred.

### Conclusion

¶ 21 For the foregoing reasons, the judgment of the trial court is affirmed.

Judge ECKERSTROM authored the decision of the Court, in which Presiding Judge KELLY and Judge ESPINOSA concurred.