NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

FRED HENRY JONES, *Appellant*.

No. 1 CA-CR 13-0680
FILED 09-30-2014

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-143654-001
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Maurice Portley joined.

_____

**H O W E**, Judge:

¶1          Fred Henry Jones appeals his conviction for theft of means of transportation. He argues that the trial court erred when it included language in the flight or concealment jury instruction about inferences to draw from his running away or hiding because no evidence shows that he ran away or hid. We find no error and therefore affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2          In March 2012, Peoria Police Department Officers James Brown and Norman Bacon were monitoring traffic at Grand and 43rd Avenue. At 12:30 p.m., a Dodge Dakota pulling a trailer that carried a partially stripped Dodge Dakota drove by the officers. The officers stopped the Dakota because they could not see the trailer's entire license number. Jones was driving the truck and immediately pulled over.

¶3          Officer Brown asked for Jones's license, registration, and proof of insurance. Jones responded that the officer was "going to write him a lot of tickets." When asked why, Jones stated that he did not have registration or insurance for both the truck he was driving and the trailer it was pulling. While Officer Brown spoke with Jones, Officer Bacon ran the license numbers for the truck and the trailer. The trailer license came back as registered to Jones, but the truck's license came back as registered to a 1991 station wagon. Officer Brown ran the VIN number for the truck. The result of the VIN search indicated that the truck was reported stolen on November 18, 2011. Officer Brown placed Jones under arrest.

¶4          An hour later, Officers Brown and Bacon interviewed Jones. When asked about the misplaced license plate for the truck, Jones indicated that he had taken the plate off a vehicle he had on his business lot. Jones also stated that he was using the plate for this trip to haul the truck to a scrap buying business.

¶5        Jones was charged with one count of theft of means of transportation and tried by jury. Before the end of trial, the State asked the trial court to give the following instruction on "flight or concealment":

> In determining whether the State has proved the defendant guilty beyond a reasonable doubt, you may consider any evidence of the defendant's running away, hiding, or concealing evidence, together with all the other evidence in the case. You may also consider the defendant's reasons for running away, hiding, or concealing evidence. Running away, hiding, or concealing evidence after a crime has been committed does not by itself prove guilt.

Defense counsel objected, arguing that the instruction was inappropriate for Jones's case. Defense counsel stated he had only seen the instruction used in cases where the client "ran away from the police." The trial court overruled the objection. It read the instruction to the jury without further objection. The jury found Jones guilty of theft of means of transportation. The court imposed a suspended sentence and placed him on three years' probation. Jones timely appealed.

## DISCUSSION

¶6        Jones concedes that the State presented evidence justifying an instruction on the inferences that could be drawn from his concealing evidence, but contends that the instruction improperly included  language about the inferences to draw from his running away or hiding because no evidence shows that he ran away or hid. He argues that the trial court should have omitted that language from the instruction. We review the trial court's decision to give an instruction for an abuse of discretion. *State v. Tarr*, 235 Ariz. 288, 292 ¶ 9, 331 P.3d 423, 427 (App. 2014).

¶7        The trial court did not abuse its discretion by including the complete flight or concealment instruction. A party is entitled to a jury instruction on any theory reasonably supported by the evidence. *Taylor-Bertling v. Foley*, 233 Ariz. 394, 397 ¶ 8, 313 P.3d 537, 540 (App. 2013). The decision whether such an instruction should be given is determined by the facts in a particular case. *State v. Speers*, 209 Ariz. 125, 132 ¶ 27, 98 P.3d 560, 567 (App. 2004). The complete flight or concealment instruction is proper when the State presents evidence of flight, concealment of self, or concealment of evidence. *State v. Cutright*, 196 Ariz. 567, 569–70 ¶¶ 9, 11 & n.1, 2 P.3d 657, 659–60 & n.1 (App. 1999) *disapproved of by State v. Miranda*,

200 Ariz. 67, 22 P.3d 506 (2001) (citing *State v. Hunter*, 136 Ariz. 45, 49, 664 P.2d 195, 199 (1983)).

¶8        Here, the evidence supported the flight or concealment instruction. Jones testified that he put another vehicle's license plate on the truck to "road test" it and to avoid being stopped by the police. Further, when Officer Brown interviewed him the day he was arrested, Jones stated that he put the plate on so that he could use the truck to transport the scrapped truck to a scrap buying business. Finally, Jones admitted when he was stopped that he did not have registration or insurance for the truck, and at trial he admitted that the truck was not registered to him. Consequently, a reasonable jury could conclude that Jones's action manifested concealing of evidence.

¶9        Jones now maintains that the part of the instruction pertaining to running away or hiding should have been excised from the standard instruction because no evidence showed that he ran or hid. But he never asked the trial court to delete the inapplicable language, and the court had "no duty to parse the proposed instruction for the accurate portions." *State v. Parker*, 231 Ariz. 391, 405 ¶ 54, 296 P.3d 54, 68 (2013). Moreover, the inapplicable part of the instruction did not prejudice Jones. The instruction was permissive, merely *allowing* the jury to consider evidence of running away or hiding in determining guilt. Because the State presented no evidence that Jones ran away or hid and did not argue that to the jury, the inapplicable part of the instruction was irrelevant. The jury was advised in its instructions that based on its determination of the facts, it "may find that some instructions no longer apply." The trial court did not abuse its discretion in giving the complete flight or concealment instruction.

## CONCLUSION

¶10        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

4