NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SHAUNA R. REES, a married woman, *Plaintiff/Appellant*,

*v.*

HOSPITAL DEVELOPMENT OF WEST PHOENIX, INC., dba WEST
VALLEY HOSPITAL and ABRAZO HEALTH CARE, *Defendants/Appellees*.

No. 1 CA-CV 13-0581
FILED 10-30-2014

Appeal from the Superior Court in Maricopa County
No. CV2010-021657
The Honorable Sally Schneider Duncan, Judge

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED**

COUNSEL

O'Steen & Harrison PLC, Phoenix
By Paul D. Friedman
*Counsel for Plaintiff/Appellant*

The Checkett Law Firm PLLC, Scottsdale
By John J. Checkett and Paul J. Sheston
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Diane M. Johnsen joined.

---

**K E S S L E R**, Judge:

¶1 Plaintiff/Appellant Shauna R. Rees ("Rees") appeals the superior court's summary judgment for Defendant/Appellee Hospital Development of West Phoenix, Inc. dba West Valley Hospital and Abrazo Health Care (collectively "the Hospital"). For the following reasons, we reverse the summary judgment and remand for further proceedings, but affirm the superior court's ruling allowing the Hospital to name a non-party at fault.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2 Rees arrived at the Hospital's emergency department at 12:35 a.m., complaining of stomach pain and nausea. She was admitted to the Hospital as a medical/surgical patient with a diagnosis of small bowel obstruction at 4:17 a.m. The medical/surgical department did not have a bed available for Rees and she was kept in the emergency department for approximately ten hours.

¶3 According to Rees, the Hospital's nursing staff and the hospitalist assigned to care for her, Dr. Dumlao, did not properly assess or examine her, did not appropriately respond to a dangerous change in her condition, and failed to keep her surgeon, Dr. Muddaraj, apprised of her condition. In particular, Rees alleges that emergency department nurse Lynn Major failed to assess her vital signs for several hours, and did not inform Dr. Muddaraj when she observed that Rees was pale, diaphoretic, and vomiting. Rees also alleges medical/surgical unit nurse Karen Bruns did not inform either Dr. Dumlao or Dr. Muddaraj when she observed that Rees no longer had bowel sounds and had become lethargic and confused.

¶4 When Dr. Muddaraj arrived to see Rees that afternoon, she was restless and unresponsive with a thready pulse and rapid heart rate. He immediately took her to surgery. When Dr. Muddaraj opened Rees' abdomen, he observed that her bowel was ischemic and gangrenous. He also recognized that Rees had become septic from the gangrenous bowel.

**¶5**        Dr. Muddaraj relieved the ischemia by untwisting the bowel and removed the portion that was irreversibly gangrenous, leaving Rees with only three to four feet of bowel.  As a result, Rees suffers from "short-gut syndrome," which impairs her bowel habits and interferes with her ability to absorb nutrients.  The sepsis also caused Rees lung damage and to be temporarily placed on a ventilator postoperatively.

**¶6**        Rees filed this action for medical malpractice, alleging the Hospital's nursing staff provided negligent care by failing to properly monitor Rees and keep her surgeon apprised of her condition, resulting in permanent injury.[1]  After the Hospital deposed Dr. Dumlao, it identified her as a non-party at fault.  Rees moved to strike the designation as untimely or, in the alternative, asked for leave to amend her complaint to allege that the Hospital was vicariously liable for Dr. Dumlao's negligence.  The court denied Rees' motion to strike, but granted her leave to file an amended complaint.  Rees alleged Dr. Dumlao had acted as the Hospital's ostensible agent and the Hospital should be held liable for her negligent treatment of Rees under a theory of vicarious liability.

**¶7**        The Hospital moved for summary judgment on causation, arguing that because Rees had not disclosed a medical causation expert she could not establish when her bowel became ischemic or whether she would have suffered less damage absent the alleged negligence.  Rees argued she had proffered sufficient causation evidence to raise a question of fact, relying on Dr. Muddaraj's testimony that the longer sepsis is untreated the worse it becomes and his opinion that if he had conducted the surgery earlier, Rees would have experienced less extensive damage.  She also argued the Hospital's failure to retain all of Rees' medical records made it impossible to know Rees' true condition at various points during the day of her surgery, and that a jury should be given an opportunity to infer that the missing evidence would have been harmful to the Hospital.  The court granted judgment for the Hospital, ruling Dr. Muddaraj's testimony was insufficient to create a material question of fact regarding causation.

**¶8**        Rees timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A) (Supp. 2013).[2]

---

[1] Rees' complaint also alleged claims against other defendants.  Those claims were dismissed and are not at issue in this appeal.

[2] Unless otherwise noted, we cite the current version of all statutes when no material revisions have occurred.

## ISSUES

¶9　　　　Rees argues the superior court erred by granting summary judgment for the Hospital on the basis that she failed to provide adequate causation evidence to create a material question of fact for the jury. She also contends the superior court abused its discretion by allowing the Hospital to belatedly name Dr. Dumlao as a non-party at fault.

## DISCUSSION

I.　　**The Superior Court Erred by Granting Summary Judgment for the Hospital on the Issue of Causation**

¶10　　　　We review the entry of summary judgment *de novo*, viewing the evidence and reasonable inferences therefrom in the light most favorable to the party opposing the motion. *Duncan v. Scottsdale Med. Imaging, Ltd.*, 205 Ariz. 306, 308, ¶ 2, 70 P.3d 435, 437 (2003). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *see also Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990) (explaining that summary judgment is proper "if the facts produced in support of the claim . . . have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim.").

¶11　　　　To establish a prima facie case against the Hospital, Rees was required to show that the Hospital's failure to follow the applicable standard of care was the proximate cause of her injury. A.R.S. § 12-563 (2003). She contends the superior court erroneously determined that she failed to proffer sufficient evidence to create a material question of fact regarding whether the Hospital employees' conduct caused her harm.

¶12　　　　A defendant's acts are the proximate cause of a plaintiff's injury only if they are a substantial factor in bringing about the harm and the injury would not have occurred "but for" the defendant's negligent conduct. *Barrett v. Harris*, 207 Ariz. 374, 381, ¶ 26, 86 P.3d 954, 961 (App. 2004); *see also Ontiveros v. Borak*, 136 Ariz. 500, 505, 667 P.2d 200, 205 (1983). Because "no man can say with absolute certainty what would have occurred if the defendant had acted otherwise," the question of causation is "peculiarly for the jury." *Purcell v. Zimbelman*, 18 Ariz. App. 75, 82–83, 500 P.2d 335, 342–43 (1972) (quoting Prosser, Law of Torts § 41, at 242 (4th ed. 1971)). However, a court may grant summary judgment when a party fails to demonstrate a material question of fact upon which a reasonable jury could find causation, therefore entitling the party moving for summary

judgment to a judgment as a matter of law. *See Grafitti-Valenzuela v. City of Phoenix*, 216 Ariz. 454, 457, ¶ 7, 167 P.3d 711, 714 (App. 2007).

¶13        "Ordinarily, a plaintiff in a medical malpractice lawsuit must prove the causal connection between an act or omission and the ultimate injury through expert medical testimony, unless the connection is readily apparent to the trier of fact." *Barrett*, 207 Ariz. at 378, ¶ 12, 86 P.3d at 958. To establish the requisite causal connection, the plaintiff's expert is generally required to testify as to probable causes of the plaintiff's injury. *See Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546, 789 P.2d 1040, 1047 (1990) (recognizing that plaintiff satisfies burden by presenting facts from which causal relationship may be inferred but cannot leave causation to the jury's speculation); *Kreisman v. Thomas*, 12 Ariz. App. 215, 218, 469 P.2d 107, 110 (1970) (noting "causation must be shown to be [p]robable and not merely [p]ossible, and generally expert medical testimony that a subsequent illness or disease 'could' or 'may' have been the cause of the injury is insufficient."). However, under some circumstances, a plaintiff's expert may opine as to possible causes of an injury if other evidence supports a causal connection. *See Kreisman*, 12 Ariz. App. at 218, 469 P.2d at 110 (citing Arizona decisions that have "relaxed" the general rule concerning expert medical testimony and "sustained verdicts based upon expert testimony as to the [p]ossible cause, when there is sufficient additional evidence indicating the specific causal relationship.").

¶14        Rees argues she satisfied this standard by offering Dr. Muddaraj's testimony that once Rees became pale and diaphoretic and began vomiting, she was exhibiting signs of ischemia and "time was of the essence" to address the ischemia and prevent the sepsis from progressing

further.[3]  He further testified that the longer a patient is not treated, the worse sepsis can become and opined that if Rees was exhibiting signs of sepsis at 11:40 a.m., the infection increased throughout the day until he performed surgery.  Although Dr. Muddaraj was unable to say how quickly Rees' ischemia and sepsis progressed, or identify how much damage she would have sustained if he had operated at a specific earlier time, he did opine to a reasonable degree of medical probability that if he had been able to operate on Rees earlier, the damage would have been less extensive.

¶15        A reasonable interpretation of this testimony is that the severity of Rees' injuries were increased, at least in part, by the delay in performing the operation.  Those injuries include both those resulting from ischemia and those resulting from sepsis, such as the lung damage suffered by Rees.  When the evidence permits a finding that the defendant's breach of the standard of care increased the risk of harm or deprived the plaintiff of a significant chance of a better recovery, it is for the jury to decide whether the defendant's conduct was a cause-in-fact of the plaintiff's injury. *Thompson v. Sun City Cmty. Hosp., Inc.*, 141 Ariz. 597, 606–08, 688 P.2d 605, 614–16 (1984) (finding a material question of fact where the plaintiff's expert testified there would have been a "'substantially better chance' of full recovery had surgery been performed at once . . . [and] the longer the delay, the greater the risk of residual injury."); *Vigil v. Herman*, 102 Ariz. 31, 35, 424 P.2d 159, 163 (1967) (reversing summary judgment and finding sufficient evidence of causation where an injury was permitted to progress by defendant's failure to act; "a jury might reasonably have concluded that the subsequent development of plaintiff's condition into a seriously

---

[3] Rees also cites the portion of the Hospital's disclosure statement that indicated its expert would testify that Rees would have had a better outcome if a surgeon had seen her at approximately 11 a.m.  A disclosure statement is not admissible evidence, *see Taylor-Bertling v. Foley*, 233 Ariz. 394, 400, ¶ 20, 313 P.3d 537, 543 (App. 2013) (stating that "while disclosure statements may be admitted into evidence as party admissions, they are not in and of themselves evidence." (citing *Ryan v. San Francisco Peaks Trucking Co.*, 228 Ariz. 42, 47, ¶ 16, 262 P.3d 863, 868 (App. 2011))), and we therefore do not consider it as part of our analysis, *cf. Briskman v. Del Monte Mortgage Co.*, 10 Ariz. App. 263, 266, 458 P.2d 130, 133 (1969) (holding that "[w]hile a court must review the contents of supporting affidavits and depositions in ruling upon a motion for summary judgment, only such matters stated therein as would be admissible in evidence may properly be considered by the court.").

advanced stage would not have occurred but for the inaction of the doctor.").

**¶16**　　　　The Hospital argues this principle does not apply in this case because Rees did not present evidence that she would have had a "substantially better chance" of a full recovery if she had received timely medical treatment. The Hospital contends, instead, that this case is more akin to *Lohse v. Faultner*, 176 Ariz. 253, 860 P.2d 1306 (App. 1992), in which we declined to apply *Thompson* because the plaintiff had not offered sufficient evidence to create a jury question on the issue of causation. We disagree. In *Lohse*, the plaintiff's expert admitted he could do nothing more than speculate as to whether, absent negligence, the defendant would have been in a position to prevent the harm. *Id.* at 260–61, 860 P.2d at 1313–14. By contrast, in this case there is evidence that, in the absence of negligence, Dr. Muddaraj, or one of his partners, would have been in a position to intervene earlier in the progression of Rees' malady and prevent further harm. Dr. Muddaraj's testimony, coupled with the nature of the Hospital's alleged breach of the standard of care, creates a genuine issue of material fact regarding whether the Hospital contributed to the delay in performing the operation, which, in turn, caused or increased the severity of Rees' injury.[4] *See id.* at 263, 860 P.2d at 1316 ("Close questions should be left to the jury, not preempted by the court.").

**¶17**　　　　Because a reasonable jury could conclude that the Hospital contributed to Rees' damage by delaying her abdominal surgery, the superior court erred by granting summary judgment for the Hospital.[5]

II.　　**The Superior Court Did Not Err by Allowing the Hospital to Designate Dr. Dumlao as a Non-Party at Fault**

**¶18**　　　　Arizona has abolished joint and several tort liability; thus, a defendant is liable to an injured party only for his percentage of fault and may ask the trier of fact to apportion fault among all those who contributed to the injury, whether they were, or could have been, named as parties to

---

[4] The Hospital's alleged breach was not an issue presented below on summary judgment. As such, we will not address the evidence raised on appeal as to breach of the standard of care by the Hospital.

[5] Accordingly, we do not address Rees' argument that the superior court erred by granting summary judgment for the Hospital because a jury could infer causation based on the Hospital's failure to retain all of Rees' medical records.

the action. A.R.S. § 12-2506 (A), (B) (2003). A party who alleges a non-party is wholly or partially at fault must provide the identity, location, and the facts supporting the claimed liability of the non-party within 150 days after filing an answer. Ariz. R. Civ. P. 26(b)(5).[6]

**¶19** Rees argues the superior court abused its discretion by allowing the Hospital to name Dr. Dumlao as a non-party at fault more than one year after the deadline to do so and only three days before discovery ended. The trial court has broad discretion in discovery and disclosure matters, and we review its rulings for an abuse of discretion. *Rosner v. Denim & Diamonds, Inc.*, 188 Ariz. 431, 434, 937 P.2d 353, 356 (App. 1996).

**¶20** The Hospital identified Dr. Dumlao as a non-party at fault on June 26, 2012, approximately seventeen months after the Rule 26(b)(5) deadline. In response to Rees' motion to strike the notice as untimely, the Hospital argued that the late designation was justified by new information discovered during Dr. Dumlao's deposition and did not prejudice Rees.

**¶21** The Hospital claimed that after it filed its answer, and as part of its due diligence investigation, it engaged an internal medicine specialist to evaluate Dr. Dumlao's care of Rees and, based on that expert's opinion, concluded it could not properly name Dr. Dumlao as a non-party at fault. The parties then attempted to depose Dr. Dumlao, but had difficulty locating her. When she was finally deposed, she admitted that her actions fell below the standard of care while treating Rees. Based on that testimony, the Hospital then identified Dr. Dumlao as a non-party at fault.

**¶22** The Hospital argued Rees was not prejudiced by the untimely designation because she had chosen not to name Dr. Dumlao as a defendant in the action, which altered the manner by which the parties conducted discovery and delayed the detection of Dr. Dumlao's violation of the standard of care. The Hospital also pointed out that, while additional discovery might be necessary, the case was not set for trial and Rees would have the opportunity to resolve Dr. Dumlao's liability. The superior court determined the late designation would not prejudice Rees and granted her leave to amend her complaint to allege that the Hospital was responsible for Dr. Dumlao's negligent acts under a theory of vicarious liability.

**¶23** Rees argues on appeal that the Hospital's failure to depose Dr. Dumlao earlier evidences a lack of diligence that the superior court should

---

[6] Rule 26(b)(5) was amended effective April 15, 2014. The changes are not material to this decision.

have weighed against allowing the late designation. However, under the circumstances—including that Rees did not name Dr. Dumlao as a defendant, the Hospital's initial assessment indicated there was no basis to name Dr. Dumlao as a non-party at fault, and that Dr. Dumlao moved out-of-state and was difficult to locate—the Hospital did not act unreasonably by failing to depose Dr. Dumlao earlier. *See* Ariz. R. Civ. P. 26(b)(5) (requiring only "reasonable diligence" before the trier of fact may apportion fault to a non-party whose identity was not disclosed in accordance with the rule).[7] Further, Rees was not unfairly prejudiced by the Hospital's late designation of Dr. Dumlao as a non-party at fault because the superior court allowed Rees to amend her complaint to allege that the Hospital was vicariously liable for Dr. Dumlao's negligent treatment of Rees, as Dr. Dumlao had acted as the Hospital's ostensible agent.

¶24            Because the Hospital established good cause, reasonable diligence, and a lack of unfair prejudice to Rees, the superior court did not abuse its discretion by denying Rees' motion to strike the Hospital's notice of non-party at fault.

## CONCLUSION

¶25            For the foregoing reasons, we affirm the superior court's denial of Rees' motion to strike the Hospital's notice of non-party at fault, but reverse its summary judgment for the Hospital and remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

---

[7] We also reject Rees' argument that she was prejudiced by the court's ruling because Dr. Dumlao filed a special appearance to contest the Hospital's claim for indemnification, which delayed the trial date and ultimately led to a re-opening of discovery, as these later events do not bear on the propriety of the superior court's ruling on the non-party issue.